NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ELEUTERIO MUNOZ SANCHEZ, *Appellant.*

No. 1 CA-CR 14-0116
FILED 4-9-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-431155-001
The Honorable Ronald J. Steinle, Judge
The Honorable Brian D. Kaiser, Commissioner

**AFFIRMED**

COUNSEL

Thomas C. Horne, Attorney General, Phoenix
By Alice Jones, Assistant Attorney General
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Cory Engle
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

**T H O M P S O N**, Judge:

¶1        Eleuterio Munoz Sanchez (defendant) appeals from his conviction and sentence on one count of possession or use of a narcotic drug, a class 4 felony.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Defendant was in his parked truck in a bank parking lot when a sheriff's deputy observed him conduct a brief transaction with a second individual who was also in a parked vehicle.[1]  The two vehicles were parked in "patrolman's position," with their driver doors next to one another.  Defendant then drove out of the parking lot and the deputy followed, believing that a drug transaction had occurred.  Defendant committed several traffic violations and the deputy pulled defendant over.  The deputy asked defendant for his drivers' license, and defendant stated that he did not have one.  The deputy asked defendant to exit his truck and he did so.  The deputy then told defendant that he knew defendant had drugs and asked him where they were located.  Defendant admitted that he had drugs in his wallet on the front seat of his truck and showed the wallet to the deputy.  The deputy found .24 grams of cocaine in the wallet; he then handcuffed defendant.

¶3        The deputy read defendant his *Miranda* rights in English, had him read a card with *Miranda* rights in Spanish, and interviewed him inside his police vehicle.  Defendant admitted the cocaine belonged to him and stated that he had bought it from a friend for twenty dollars.  The state charged defendant with one count of possession or use of a narcotic drug, a class 4 felony; a jury convicted him as charged.

---

[1] The Sheriff's Office's narcotics unit had the second individual, a suspected drug dealer, under surveillance for some time before he pulled into the bank parking lot.

**¶4** The trial court suspended the imposition of sentencing and placed defendant on supervised probation for one year. Defendant timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2003), 13-4031 (2010), and -4033(A) (2010).

## DISCUSSION

**¶5** Defendant raises one issue on appeal: whether the trial court abused its discretion in denying his motions to suppress his pre-*Miranda* and post-*Miranda* statements. We review the trial court's decision to admit a defendant's statement for an abuse of discretion. *State v. Ellison*, 213 Ariz. 116, 126, ¶ 25, 140 P.3d 899, 909 (2006). We review only the evidence presented at the suppression hearing, and we view the evidence in the light most favorable to upholding the trial court's factual findings. *State v. Fornof*, 218 Ariz. 74, 76, ¶ 8, 179 P.3d 954, 956 (App. 2008). We review the trial court's conclusions of law de novo. *State v. Zamora*, 220 Ariz. 63, 67, ¶ 7, 202 P.3d 528, 532 (App. 2009). A defendant's statements to police during a custodial interrogation cannot be used against him at trial unless he has been given *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 475 (1966). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444.

**¶6** Defendant argues that the deputy improperly subjected him to a custodial interrogation when he questioned him about the drugs prior to giving defendant *Miranda* warnings. We disagree. After the deputy pulled defendant over, he approached defendant's truck and spoke with defendant. He identified himself as a deputy with the Maricopa County Sheriff's Office, and asked defendant for his license. After defendant told the deputy he did not have a license, the deputy said, "Do me a favor. Hop out of the car." Defendant did so, and the deputy then stated, "Listen, you can tell by the way I am dressed I'm not a normal cop. . . . Do me a favor, you know you got drugs. I know you got drugs. Just give them to me." Defendant, who was still unrestrained, appeared surprised and told the deputy that the drugs were in his wallet. Defendant made a movement as thought he would go with the deputy to show him the wallet on the front seat of his vehicle, and the deputy said, "No, no, no, hang on." Defendant pointed at his wallet and the deputy retrieved it from the vehicle. Only then did the deputy handcuff defendant. The deputy put defendant in his police vehicle, read him his *Miranda* rights, and conducted a formal interview of defendant.

¶7        Defendant argues that he was not free to leave when he was initially questioned by the deputy, and that "[t]he point short of formal arrest, where roadside investigative questioning became custodial interrogation" had already occurred.   Courts look at the objective circumstances of an interrogation rather than a defendant's subjective believe as to whether he is in custody, and will consider three factors in determining whether an individual is in custody:  "(1) the site of the questioning; (2) whether objective indicia of arrest are present; and (3) the length and form of the interrogation." *State v. Cruz-Mata*, 138 Ariz. 370, 373, 674 P.2d 1368, 1371 (1983).   Here, the deputy's initial questioning of defendant took place on the side of the road next to his vehicle, and the questioning was brief.  The deputy did not handcuff defendant during the questioning, draw a weapon on him, or use force, threats or compulsion to obtain defendant's statement.  That the deputy suspected defendant of having committed a drug crime does not change the analysis. *See State v. Stabler*, 162 Ariz. 370, 372, 783 P.2d 816, 818 (App. 1989) (officer who reasonably suspected defendant had committed a drug transaction, pulled him over and briefly questioned him not required to read the defendant his *Miranda* rights before obtaining statements).   Accordingly, the trial court did not abuse its discretion in determining that a custodial interrogation had not yet occurred when defendant told the deputy he had drugs in his wallet.

¶8        Because *Miranda* warnings were not required until the deputy handcuffed defendant and interviewed him in the back of his police vehicle, we do not address defendant's argument that the statements he made after *Miranda* warnings were given must be suppressed as "products of the prior tainted statements" pursuant to *Missouri v. Seibert*, 542 U.S. 600 (2004).

## CONCLUSION

¶9  For the foregoing reasons, we affirm defendant's conviction and the imposition of probation.



Ruth A. Willingham · Clerk of the Court
FILED: ama